UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY J. SMITH,

        Plaintiff,

v.                                            Case No. 09-CV-41

MICHAEL J. ASTRUE,

        Defendant.

## ORDER

Plaintiff Timothy J. Smith ("plaintiff") filed this Motion for Attorney Fees under the EAJA (Docket #27) on May 17, 2010, requesting an award of attorney fees as a prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion arises from an appeal of a decision by defendant Social Security Commissioner Michael J. Astrue ("Commissioner") finding plaintiff disabled as of January 24, 2002, but not before that date. On March 2, 2010, the court issued an Order (Docket #21) vacating the Commissioner's decision and remanding the case for further consideration. Plaintiff requests an award in the amount of $7,194.88.[1] The Commissioner opposes the award on the grounds that his position was substantially justified, and that the requested award is not reasonable.

A prevailing party is entitled to fees under the EAJA unless the court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Such fees must be reasonable.

---

[1]The requested award includes time spent drafting the reply brief for this motion.

28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The government has the burden of proving its position was substantially justified. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The government's position includes both underlying agency conduct and the agency's litigation position, thus a district court should consider both litigation and pre-litigation conduct and award fees if *either* are not substantially justified. *Id.* Substantial justification requires that the government's position have a "reasonable basis both in law and fact." *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1080 & n.1 (7th Cir. 2000); *see also Pierce v. Underwood* 487 U.S. 552, 565 (1988). This test may be further described as the position being "grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Hallmark*, 200 F.3d at 1080.

The government fails to carry its burden of proving substantial justification. As this court previously noted, the Administrative Law Judge ("ALJ") made a credibility determination on the basis of "little evidence" of repeated emergency room visits or other objective evidence, yet failed to account for evidence from physicians who had actually examined plaintiff, failed to account for evidence of emergency room admissions, and failed to discuss in any way the testimony of plaintiff's daughter supporting the existence of hypoglycemic episodes. The Commissioner provides no actual proof that these actions were reasonable. While he does argue that the physician reports "appear" to report self-description of symptoms rather than

clinical observations, there is no evidence that the ALJ offered such an explanation. As to the evidence of hospital visits and plaintiff's daughter's testimony, the Commissioner argues that it was reasonable for the ALJ to note a failure to provide evidence of similar treatment during the relevant period. That may have been reasonable, but it was not reasonable to otherwise fail to address the evidence in any other way. Alternative explanations that *might* form a reasonable basis for the ALJ's decision do not *prove* the reasonableness of the ALJ's conduct sufficient to carry the government's burden.[2] In sum, though the Commissioner offers a number of post-hoc reasons for the ALJ's decision, the Commissioner does not show that the ALJ actually articulated any of those reasons. Thus, though an ALJ providing such reasons may indeed be found to have a reasonable basis for the decision, and thus a substantially justified position, those reasons are offered only in post-decision fee litigation, and are not to be found in the record. Therefore, the Commissioner has failed to establish substantial justification.

As to the reasonableness of the fees requested, the Commissioner argues that because Attorney Jones' work was directed and reviewed by a senior attorney, that work ought not be compensated at the maximum allowable rate. In turn, the Commissioner posits that, without discounting that rate, Attorney Daley's fees for supervising that work constitute double billing. Finally, the Commissioner argues

---

[2]The Commissioner notes that the government's position may be substantially justified without satisfying the substantial evidence standard. Regardless of the applicability of the non-binding cases cited, in the case at hand, failure to address evidence without explanation goes beyond a lack of substantial evidence. As such, the conduct in question moves beyond a lack of substantial evidence to a lack of reasonableness.

that the extra layer of review provided by referring Attorney Bush is not reasonable billing judgment. Nothing about the submitted time summary indicates that Attorney Daley's time spent reviewing material constitutes double billing. Attorney Daley spent minimal time reviewing drafts and providing feedback. Thus, the fees attributable to both Attorney Daley and Attorney Jones are reasonable. The same holds true for Attorney Bush's fees. Of the bulk of his minimal 5.2 hour involvement, only 0.7 hours were spent reviewing materials. This is also reasonable. As such, the court finds all requested fees reasonable and will award them to plaintiff in light of the government's failure to establish that its position was substantially justified.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Attorney Fees under the EAJA (Docket #27) be and the same is hereby **GRANTED**; the defendant shall pay the plaintiff's attorneys' fees and costs in the amount of **$7,194.88**.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge